**LOCAL NO. 1, TEXTILE PROCESSORS, Plaintiff,**

v.

**D.O. SUMMERS CLEANERS AND SHIRT LAUNDRY CO., Defendant.**

**No. 1:95 CV 1211.**

United States District Court, N.D. Ohio, Eastern Division.

Feb. 5, 1997.

**154**

Wally M. Mueller, Spieth, Bell, McCurdy & Newell, Paul Peter Psota, Chattman, Gains & Stern, David E. Roloff, Goldstein & Roloff, Cleveland, OH, for Plaintiff.

Paul A. Monahan, Martin S. List, Duvin, Cahn & Hutton, Cleveland, OH, for Defendant.

*MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

WELLS, District Judge.

This case is before the Court on the motion for summary judgment filed by defendant D.O. Summers Cleaners and Shirt Laundry

Co. ("D.O. Summers") (Docket no. 20). For the reasons which follow, D.O. Summers's motion will be granted.

### I.   *Procedural History and Background*

Plaintiff Local No. 1, Textile Processors, Service Trades, Healthcare, Professional and Technical Employees International Union ("Union") originally filed suit against defendant D.O. Summers in Cuyahoga County Court of Common Pleas.   Under 28 U.S.C. § 1441, D.O. Summers removed the case to this Court on June 1, 1995, on the basis of this Court's original jurisdiction, 28 U.S.C. § 1331.   In its notice of removal, D.O. Summers contended that although the Union's claim was styled a general state law breach of contract claim, its claim was actually for a determination of union representation under section 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

In its complaint, the Union claims D.O. Summers breached its collective bargaining agreement with the Union,[1] which was in effect between April 1992, and March 1995, by failing to provide required wage rates, vacation days, and fringe benefits to employees at four of D.O. Summers's franchise stores.[2]   The employees at the franchise stores had never been represented by a union at the time the collective bargaining agreement was reached.   The Union filed a grievance in August 1994, which it alleges was not properly processed by D.O. Summers.   The complaint also raises a claim for unjust enrichment.   D.O. Summers filed an answer along with its notice of removal.

D.O. Summers filed a motion for summary judgment on July 12, 1996, in which it contends that the Union's claims are preempted under the doctrine set forth in *San Diego Bldg. Trades Council v. Garmon*, 359 U.S.

---

**1.** The collective bargaining agreement was reached between the Textile Service and Maintenance Guild of Cleveland, Ohio, Inc. ("Guild") and the Union on October 14, 1992. The agreement contained wage, vacation and benefits provisions and recognized the Union as the exclusive bargaining agent for certain types of employees. Appendix 1 to the agreement listed D.O. Summers as one of the Guild members which authorized the Guild to negotiate and execute the collective bargaining agreement on its behalf.

**2.** D.O. Summers has stipulated that it owns the franchise stores for the limited purpose of resolving the issue of jurisdiction.   D.O. Summers does not dispute that the collective bargaining agreement covered its four non-franchise stores and there is no contention that the collective bargaining agreement was breached with respect to the four non-franchise stores.

236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959),[3] and that this Court lacks subject-matter jurisdiction because the National Labor Relations Board ("NLRB") has exclusive jurisdiction over the issues presented. D.O. Summers argues, reiterating an argument made in its notice of removal, that the Union has "disguised" as a breach of contract claim what is actually a claim regarding the recognition of the Union as a bargaining representative for its employees. The Union responded to the motion on September 17, 1996.

## II. Law and Analysis

Summary judgment is appropriate if the evidence in the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Where the nonmoving party bears the burden of proof in the case, the burden on the moving party under Rule 56 "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). *See generally Betkerur v. Aultman Hosp. Assoc.*, 78 F.3d 1079, 1087 (6th Cir.1996) (discussing summary judgment standards).

The issue is whether section 301 of the LMRA, 29 U.S.C. § 185(a),[4] confers subject-matter jurisdiction over this case, as the Union argues, or whether the NLRB has exclusive jurisdiction to decide the Union's claim of representation, pursuant to section 9 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159.[5] The Union argues summary judgment is inappropriate in this case because a genuine issue of material fact exists with respect to the relationship between the stores at which D.O. Summers recognizes the Union and the franchise stores at which the Union is not recognized. Furthermore, the Union argues that even if no genuine issues of material fact exist, D.O. Summers's motion for summary judgment should be denied because its legal arguments lack merit.

The Court finds that no genuine issue of material fact exists. Furthermore, the Court finds that it lacks jurisdiction to adjudicate, as a matter of law, the Union's ultimate claim that the scope of its lawful representation includes all of D.O. Summers's stores.

The Sixth Circuit has decided that a section 301 breach of contract claim is preempted by an identical unfair labor practice claim pending before the NLRB. *International Bhd. of Boilermakers, Local 852 v. Olympic Plating Indus. Inc.*, 870 F.2d 1085, 1089 (6th Cir.1989) (holding "where the [NLRB's] resolution of non-contractual issues could also resolve the controversial breach of contract claims brought under § 301, the federal courts should decline to exercise jurisdiction over the contractual allegations"); *See also Whitehouse & Sons Co. v. Local Union No. 118 of the Int'l Bhd. of Painters*, Nos. 91–5307, 91–5867, 1992 WL 19472 (6th Cir. Feb. 5, 1992) (unreported), *cert. denied*, 506 U.S. 823, 113 S.Ct. 76, 121 L.Ed.2d 41 (1992).

The question this case raises is whether the same result is reached where no claim is

**3.** *San Diego Bldg. Trades Council v. Garmon* established that "[w]hen an activity is arguably subject to ... the [National Labor Relations] Act, ... the federal courts must defer to the exclusive competence of the National Labor Relations Board." *Garmon*, 359 U.S. at 245, 79 S.Ct. at 780.

**4.** Section 301 of the LMRA states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

**5.** Section 9(b) of the NLRA states in pertinent part:

The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof....

pending before the NLRB. The Sixth Circuit has not addressed this issue and there is a split of authority among the Circuits.

The Eighth and Ninth Circuit Courts of Appeals have held in factually similar cases that the NLRB has primary jurisdiction to determine representational issues. *See Local Union 204, Int'l Bhd. of Elec. Workers v. Iowa Elec. Light and Power Co.*, 668 F.2d 413, 420–21 (8th Cir.1982); *Local 3–193 Int'l Woodworkers of Am. v. Ketchikan Pulp Co.*, 611 F.2d 1295, 1299–1300 (9th Cir.1980). The Fifth and Tenth Circuit Courts of Appeals have held that the district court and the NLRB share concurrent jurisdiction over representational issues. *See Carpenters Local 1846 v. Pratt–Farnsworth, Inc.*, 690 F.2d 489, 518 (5th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *Trustees of Iron Workers Fund v. A & P Steel, Inc.*, 812 F.2d 1518, 1525–26 (10th Cir. 1987). Finally, the Fourth Circuit Court of Appeals has held that the NLRB has primary jurisdiction to determine a " 'primarily representational' " contract dispute. *See Amalgamated Clothing & Textile Workers Union v. Facetglas, Inc.*, 845 F.2d 1250, 1252 (4th Cir.1988) (citation omitted).

The Sixth Circuit has recognized " 'a strong policy in favor of using the procedures vested in the [NLRB] for representational determinations in order to promote industrial peace.' " *Olympic Plating Indus. Inc.*, 870 F.2d at 1089 (citation omitted). The Sixth Circuit has also warned against allowing parties to use contract interpretation in order to avoid provisions of the NLRA. *Id. See also Local 3–193 Int'l Woodworkers of Am. v. Ketchikan Pulp Co.*, 611 F.2d 1295, 1299–1300 (9th Cir.1980). Both of these policy reasons for vesting exclusive jurisdiction in the NLRB are applicable regardless of the existence of a pending case before the NLRB.

An opposite conclusion would encourage parties to frame a representational controversy as a breach of an alleged collective bargaining agreement in order to bring a

case in federal court. This result would contravene the determination made by Congress that "the NLRB, and not the courts, is to be the umpire in representation disputes." *Local Union 204, Int'l Bhd. of Elec. Workers v. Iowa Elec. Light and Power Co.*, 668 F.2d 413, 420 (8th Cir.1982) (citation omitted).

The Court finds the reasoning employed by the Eighth and Ninth Circuits to be persuasive and will adopt the rule that the NLRB has exclusive jurisdiction to adjudicate representational issues in the first instance.[6]

In this case, the Union is seeking to represent D.O. Summers's employees at its four franchise stores, employees who have never been represented by a union. The Union is, therefore, seeking an ultimate determination regarding representation, a claim which the NLRB has exclusive jurisdiction to resolve in the first instance. The Court, therefore, finds that it lacks subject-matter jurisdiction over this case.

### III. Conclusion

For the foregoing reasons, the Court grants D.O. Summers's motion for summary judgment. Accordingly, the Court will dismiss the Union's complaint, without prejudice.

---

6. It is noted that the Sixth Circuit, in deciding the merits of *International Bhd. of Boilermakers, Local 852 v. Olympic Plating Indus. Inc.*, 870 F.2d 1085, 1089 (6th Cir.1989), relied upon *Construction Drivers, Local 682 v. Bussen Quarries, Inc.*, 849 F.2d 1123, 1125 (8th Cir.1988), and *Local 3–193, Int'l Woodworkers of Am. v. Ketchikan Pulp Co.*, 611 F.2d at 1295 (9th Cir.1980).